UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN DIVISION</u>

| | | |
|---|---|---|
| IN RE: § | | |
| SERGIO ARTURO VELA § | | CASE NO. 10-70705-M-11 |
| Debtor § | | CHAPTER 11 |
| § | | |

_____

**PLAN OF REORGANIZATION**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

SERGIO ARTURO VELA, DEBTOR in this cause, files this Plan of Reorganization, and would show the court the following:

This Plan under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Sergio A. Vela (the "Debtor") in the manner described herein.  Debtor agrees to settle all Pre-Petition Claims and Administrative Claims against it and its assets by paying the holders of those claims, as allowed, in accordance with this Chapter 11 Plan as set forth below.

All creditors and equity security holders should refer to this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)**

### I.  DEFINITIONS

For the purpose of this Plan of Reorganization, the following definitions shall apply:

1. <u>Administrative Expense</u>: All costs and expenses of the Chapter 11 Case allowed under 11 U.S.C. Section 503(b)(2), (4) and (6), including all costs of making distributions and providing notices and ballots regarding the Plan.

2. <u>Allowed Claim</u>: Any claim:

    (a) Which is scheduled by the Debtor pursuant to Section 521(1) other than a Claim scheduled as disputed, contingent, or unliquidated;

    (b) For which a proof of Claim was filed with the Bankruptcy Court on or before the Bar Date.

    (c) In the case of Administrative Expenses subject to Bankruptcy Court approval, requests for payment which are approved by the Court after having been timely filed; or

    (d) As to which no objection to the allowance thereof has been or may be interposed within the applicable period of limitation fixed by the Court, the Code or the Federal Rules of Bankruptcy Procedure (the "Rules"), or as to which an objection has been determined by an order or judgment that is no longer subject to appeal.

3. <u>Allowed Secured Claim</u>: An allowed claim which is secured by a perfected, non-preferential lien on property of the Debtor's estate, to the extent of the value of the interest of the holders of such allowed claim in such property of the Debtor, as determined by the Bankruptcy Court pursuant to 11 U.S.C. Section 506(a).

4. <u>Bankruptcy Code</u>: The Bankruptcy Code of 1978 as contained in Title 11, U.S.C. §101 et seq. and the amendments thereto. All references to any statute in this plan are references to the Bankruptcy Code as defined therein.

5. <u>Bar Date</u>: To be defined.

6. <u>Cash Collateral</u>: All revenues, costs, profits, and other monetary proceeds from any of the Debtor's assets the subject of a valid Secured Claim, and all cash collateral as defined under Section 363 of the Code, all of which are subject to the respective Secured Creditor's perfected first lien and security interest.

7. <u>Claim</u>: Any right to payment from the Debtor as of the Confirmation Date: (a) which is evidenced by a proof of claim properly filed in this Chapter 11 Case prior to the Bar Date and/or scheduled by the Debtor as a debt, whether or not such right is reduced to judgment, liquidated, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un matured, disputed, undisputed, secured or unsecured; or (b) which is a claim for payment or of liability, whether direct or indirect, against Debtor, whether based upon theories of "alter ego" or piercing the corporate veil, whether any such claim is based upon joint or several liability therefore, or whether such claim is based upon any guaranty, whether or not such claim has been listed in Debtor's Statements or Schedules; and whether or not evidenced by a proof of claim properly filed in this Case prior to the Bar date.

8. <u>Collateral Security</u>: All of Debtor's property and assets, including all property brought into the estate under Section 541 of the Code, which includes the Debtor's assets, together with all contracts, rentals, leases, intangibles and all money and other proceeds of each of the foregoing (including all Cash Collateral) and all other real and personal property wherever located, and which was the subject of a valid, perfected lien or other security interest on the Petition Date.

9. <u>Confirmation</u>: The entry by this Court of a final confirmation of the Plan in accordance with 11 U.S.C. §1129.

10. <u>Confirmation Order</u>: The Order of the court confirming this Plan, together with any supplemental or amended Order with respect thereto.

11. <u>Court</u>: The United States Bankruptcy Court for the Southern District of Texas, McAllen Division acting in this case.

12. <u>Contested/Disputed Claim</u>: Any claim as to which the Debtor or any other party in interest has interposed or may interpose an objection in accordance with the Code and the Rules, which objection has not been determined by an order or judgment that is no longer subject to appeal.

13. <u>Creditor</u>: Any entity that has a claim against the Debtor that arose at the time of or before the filing of the petition in this case as defined in § 101 (4) of the Bankruptcy Code.

14. <u>Debtor</u>: SERGIO ARTURO VELA.

15. <u>Disclosure Statement</u>: The Disclosure Statement approved by Order of the Court with respect to this PLAN, together with any amendments, supplements or Exhibits thereto.

16. <u>Equity Holder</u>: Any interest of any person or entity who or which has or claims to have an ownership interest of any kind, including any interest represented by a partnership interest, stock, or any other type of ownership interest of any kind or nature whatsoever in any of the Debtors.

17. <u>Final Order</u>: An Order becomes final ten (10) days after it is entered if no notice of appeal is filed during that period pursuant to Bankruptcy Rule 8002.

18. <u>Petition Date</u>: Oct 4, 2010, the date when this Chapter 11 case was filed by the Debtor with the filing of a voluntary petition under Chapter 11 of the Code.

19. <u>PLAN</u>: This PLAN of Reorganization subject to confirmation.

20. <u>PLAN Documents</u>: This Plan, the Disclosure Statement for this Plan, together with its Exhibits and any amendments or supplements thereto, as approved by the Bankruptcy Court, any and all amendments, supplements and Exhibits to this Plan or to any of the other documents referred to in this definitional section of the Plan.

21. <u>PLAN Proponent</u>: Debtor.

22. <u>Priority Claim</u>: Any claim having priority under 11 U.S.C. Section 507, except the Administrative Claim.

23. <u>Professional or Professional Person</u>: Any person, firm or other entity employed by the Debtor or by the committee pursuant to Order of the Court, under 11 U.S.C. Section 327.

24. <u>Secured Claim</u>: The Claim of any creditor of the Debtor to the extent that such claim is secured by a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor. A claim is secured only to the extent of the value of the Debtor's property which the Court finds is the valid security for such claim as evidenced by a perfected security interest enforceable against property of the estate of the Debtor.

25. <u>Secured Creditor</u>: Those creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by the Debtor at or prior to confirmation of the PLAN.

26. <u>Unsecured Claim</u>: Any claim or portion of a claim against the Debtor not secured by a perfected security interest in property of the Debtor's estate.

A term used in this PLAN, not otherwise defined herein or in the Disclosure Statement but used in the Code, shall have the definition assigned to such term in the Code.

## II. CLASSIFICATION

1. Unless otherwise expressly stated in the PLAN, distributions to holders of Allowed Claims and interests are in full satisfaction of those Allowed Claims and interests. All claims against the Debtor arising before Confirmation of the PLAN shall be deemed satisfied by the obligations provided for in the PLAN, pursuant to U.S.C. Section 1141 (d), and no holder of any Claim shall have any further or future rights with respect thereto. For the purposes of distribution under this PLAN, claims are divided into the following classes:

2. Classification of Classes Under The PLAN:

Class 1 - Trustee Fees: All allowed claims as allowed pursuant to 11 U.S.C. Section 503.

Class 2- Administrative Claims: First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28. All allowed administrative Claims, as that term is defined herein and ill 11 U.S.C. 507 (a)(1), including fees for services rendered and expenses incurred by Court-appointed counsel for the Debtor, Committee Attorneys, or other Professionals employed by the Committee or the Debtor, and any expenses provided for under 28 U.S.C. Section 1930.

Class 3 - The Allowed Secured Claim of each creditor, person or entity, whether or not the holder of a secured claim that is secured by a tax lien and/or security interest in the property of the Debtor which arises from a secured claim as allowed by 11 U.S.C. Section 506( a) of the Code which is an allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set off, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. There are fifteen (15) claims in this class: GMAC (two loans), BBVA Compass Bank (five loans), Inter National Bank (four loan), First National Bank (two loans), Hidalgo Tax Authorities and Propel Financial Services.

Class 4 - The holders of allowed Class 4 unsecured claims.  There are sixteen (16) claims in this class: Citi Banamex USA, Chase (two debts), Home Depot Credit Services, First National Bank of Omana, Retail Services, Citifinancial, Sharyland Residential Community, Bill Me Later, Citi Cards (two debts), Antonio Villeda, ABC Waste, GEMB / Paypal, Texas Community Bank, Div Adj Services, Sarma Collection and Dante and Eliud Martinez.  However, some of these debts are disputed. Payments to these creditors will be made with the proceeds of the sale of inventory and collection of accounts receivable.

### III. TREATMENT OF NON-IMPAIRED CLASSES

The following is a treatment of the Non-Impaired Classes:

1. These claims consist of all claims entitled to priority under 11 U.S.C. Section

503(b)(2)(4), and (6). These claims shall be paid in cash on Confirmation, or as soon thereafter as each becomes and Allowed claim. The following classes of claims shall be unimpaired: Classes 1,2 and 3.

Class 1:

Trustee Fees:   These shall be paid on the effective date of the plan.

Class 2:   Administrative costs and expenses as provided under the Bankruptcy Code. These claims, if any, shall be paid as allowed and pursuant to the Rules and the Code.

Class 3:   The holders of allowed Class 3 Secured claims, including any post petition portions thereof. The Claims consist of:

a. Bank of America. Secured by a House located at 2216 S 45th McAllen, Texas 78503. The title of this property has been transferred to Atocha Trucking Services. The plan proposes to surrender this property.

b. GMAC. Secured by a Chevy Silverado Truck 2008. The amount of the claim is $15,000. Our plan proposes that Debtor reaffirm the debt and adjust the payments to $270 per month for 72 months with no interest. The current payment schedule does not consider interest charges.

c. GMAC. Secured by a Chevy Tahoe 2009. The Value of the property is $29,000. The plan proposes to reaffirm the debt and adjust the payments to $402 per month for 72 months with no interest. The current payment schedule does not consider interest charges.

d. BBVA Compass. Secured by a commercial property located at 514 S 16th McAllen, Texas. The plan proposes to reaffirm the debt and adjust the payments to $562 per month (interest only at its non default interest rate, 4.5%) for two years and then enter in a 15 year amortization plan of $ 1,162 per month (at 4.5%).

e. BBVA Compass. Secured by a commercial property located at 517 S 16th McAllen, Texas. The plan proposes to reaffirm the debt and adjust the payments to $ 544 per month (interest only at its non default interest rate, of 4.5%) per two years and then enter in a 15 years amortization plan of $1,132 per month (at 4.5%)

f. BBVA Compass. Secured by a commercial property located at 4716 Mile 5 Rd. Mission, Texas 78572. The plan proposes to reaffirm this debt and adjust the payments to $1,050 per month (interest only at 6%) for two years and then enter in a 15 year amortization plan of $1,772 per month. (at 6%)

g. BBVA Compass. There are two notes secured by a commercial property located at 3321 Bus 83 Hwy McAllen, Texas 78501. The plan proposes to reaffirm these debts and adjust the payments to $3,500 per month (interest only at 6%) and then enter into a 15 year amortization plan with payments of $5,907 per month (at 6%).

h. Inter National Bank.  Secured by a commercial property located at 413 S Bicentennial McAllen, Texas.  Since the title of this property has been transferred, the plan proposes the surrender of this property.

i. Propel Financial Services. Secured by the debtor's residence.  The Plan proposes to enter in a payment plan with a payment of $377 at an interest rate of 6.5% in 7 years.

j. Hidalgo County and other taxing authorities: Statutory property taxes for debtor's Residence.  The plan proposes 7 monthly payments of $500 and then 5 payments of $5,000 beginning on August 2011.  At the end of 2011, this account should be totally paid off.

## IV. TREATMENT OF IMPAIRED CLASSES

Cramdown: The Plan Proponent reserves the right, pursuant to Section 1129(b) of the Code, to request, and Plan Proponent hereby requests, that the Court confirm the PLAN if all of the applicable requirements of Section 1129 are met.

The following classes shall be impaired:

Class 4; The holders of allowed Class 4 unsecured claims. There are sixteen (16) claims in this class: Citi Banamex USA, Chase (two debts), Home Depot Credit Services, First National Bank of Omana, Retail Services, Citifinancial, Sharyland Residential Community, Bill Me Later, Citi Cards (two debts), Antonio Villeda, ABC Waste, GEMB / Paypal, Texas Community Bank, Div Adj Services, Sarma Collection and Dante and Eliud Martinez.  However, some of these debts are disputed.  Payments to these creditors will be made with the proceeds of the sale of inventory and collection of accounts receivable.  The plan propones to pay 50% of the liquidation of inventories and collection of accounts receivables, the remaining 50% will go to pay Debtor's Statutory Taxes.

However, the deadline to file a proof of claim is:           ; therefore those creditors who did not file a proof of claim as of such date will lose any entitlement to funds paid out through the Plan of Reorganization. The Plan proposes that any creditor filing such proof of claim shall be paid pro-rata with no interest on any funds remaining from the recovery the liquidation of inventories and collection of accounts receivables, after payment of administrative, secured and priority claims set out above. Payment to these creditors will start 180 (one-hundred eighty) days after the effective date of the confirmation of this plan.

## V. PROVISIONS FOR REJECTION OF EXECUTORY CONTRACTS

1. Debtor hereby reserves the right to accept or reject any and all executory contracts not previously assumed or rejected under §365 of the Code prior to the Confirmation Date.

## VI. OTHER PROVISIONS

1. All United States Trustee Quarterly Fees due and owing on the date of confirmation shall be paid in full on the effective date of the Plan.

2. Debtor, SERGIO ARTURO VELA shall be responsible for timely payments of fees incurred post confirmation until the case is closed.

3. Debtor, SERGIO ARTURO VELA shall file the monthly operating reports in the same format as pre-confirmation, with service on the United States Trustee for each month (or portion thereof) the case remains open.

## VII. MEANS OF IMPLEMENTING PLAN

Pursuant to the income and expense projection found in the Disclosure Statement, the Debtor will fund the plan from income generated or cash on hand from the Debtor's businesses, as therein described. Debtor also plans on generating income and revenue from leases and sales of its real estate properties.

## VIII. JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan is fully consummated including, but not limited to, the following purposes:

1. The classification of the claim of any creditor and the reexamination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditor's claims for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to objection to, or re-examine the claim in whole or in part.

2. Determination of parties' claims as secured, unsecured, including valuation hearings under §506 of the Bankruptcy Code or for purposes of being time barred.

3. Determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the debtors and any other party, including, but not limited to, any right of the Debtors to recover assets pursuant to the provision of Title 11 of the United States Code or the determination of tax liabilities under §505 of the Bankruptcy Code.

4. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purpose and intent of this Plan.

5. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

6. To enforce and interpret the terms and conditions of this Plan.

7. Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to impose such limitations, restrictions, terms and conditions of such title, rights, and powers as the court may deem proper.

## IX. NOTICES

Any notice required to be given hereunder shall be given regular mall as follows:

To Debtor:     SERGIO ARTURO VELA
2702 Santa Ana
Mission, Texas 78572


With a Copy to Debtor's Counsel:

J. FRANCISCO TINOCO, ESQ.
**LAW OFFICE OF J.F. TINOCO**
Tesoro Plaza
822 Del Oro Lane
Pharr, Texas 78577


## X. EXECUTION AND SIGNATURES


This Plan is proposed by Debtor in good faith, In compliance with the Bankruptcy Code, and executed on October 31, 2010.

Respectfully submitted,

/s/ Sergio Arturo Vela

By: Sergio Arturo Vela,
*Debtor*


/s/ J. Francisco Tinoco

By: J. Francisco Tinoco, Esq.
**LAW OFFICE OF J.F. TINOCO**
Tesoro Plaza
822 Del Oro
Pharr, TX 78577
Tel: (956) 283-9200
Fax: (956) 787-0900
Texas Bar No.: 24067418

*ATTORNEY FOR DEBTOR*